Scot L. Claus (#014999)
Vail C. Cloar (#032011)
Holly M. Zoe (#033333)
DICKINSON WRIGHT PLLC
1850 N. Central Ave., Suite 1400
Phoenix, Arizona 85004-4568
Telephone: (602) 285-5000
Facsimile: (844) 670-6009
[Firm Email:  courtdocs@dickinsonwright.com]
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| June Durr, an individual and Loyalty Restaurant & Lounge LLC dba Loyalty Lounge, an Arizona Limited Liability Company,<br><br>              Plaintiffs,<br><br>v.<br><br>City of Scottsdale, a municipal entity; Christian Bailey, an individual acting under the color of law; Stephen Smith, an individual and John and/or Jane Doe I-X, individual(s) acting under the color or law,<br><br>              Defendants. | Case No.: 2:23-cv-00752-SMB<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>**(Oral Argument Requested)** |

      Plaintiffs have filed a "response" to Defendants' Motion to Dismiss (Doc. 25) in name only, as it fails to acknowledge (much less analyze) many of the controlling legal doctrines that are dispositive of their claims. Instead, Plaintiffs have cut and pasted conclusory and inadequately-pled portions of their First Amended Complaint and have failed to show how those allegations actually articulate a cognizable legal claim. Moreover, though acknowledging the *existence* of the federal pleading standards articulated in *Twombly* and *Iqbal*, Plaintiffs have done nothing to demonstrate that they satisfy those standards. This case has gone on long enough, and the Court should put it out of its misery.

Before turning to the helter-skelter arguments raised in the Response, it is important to note what Plaintiffs *do not contest*. Plaintiffs do not contest that the provision of information to administrative bodies is immune from liability under the *Noerr-Pennington* doctrine. Plaintiffs do not contest that Defendants are immune from liability for *any* testimony given in judicial and quasi-judicial proceedings pursuant to the absolute testimonial privilege. Plaintiffs do not even contest that the City is entitled to *absolute immunity* for its acts in regulating Loyalty Lounge's liquor license. Plaintiffs' failure to refute those points should, standing alone, result in dismissal of the Amended Complaint. Out of an abundance of caution, however, Defendants address the points (such as they are) in the Response *seriatim*.[1]

## I. The claims against Officer Smith must be dismissed.

In responding to the notice of claim arguments with respect to Officer Smith, Plaintiffs disregard controlling law. Courts have explained time and again that compliance with § 12-821.01 is "not difficult." *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 299 ¶ 9 (2007). Plaintiffs do not dispute that they failed to comply with the notice of claim statute with respect to Officer Smith—the purported reasons (even if true) are irrelevant. But it is beyond question that A.R.S. § 12-821.01's requirements are strict and categorical, and failure to follow those requirements is a bar to any and all state law claims. Substantial compliance, or even actual notice by the public employee, is insufficient. *Nored v. City of Tempe*, 614 F. Supp. 2d 991, 997 (D. Ariz. 2008) (strict compliance is necessary); *Houser*, 214 Ariz. at 299 ¶ 23 (failure to comply with the notice of claim requires dismissal). On this point, little else need be said.

Plaintiffs offer three (legally insufficient) bases why the Court should disregard their failure to comply with § 12-821.01. First, Plaintiffs suggest that because Officer Smith

---

[1] Plaintiffs seem to complain about the consideration of the consent decree in the motion to dismiss. But, as the Court has already concluded, the consent decrees are properly the subject of judicial notice and can be considered in evaluating the adequacy of Plaintiffs' pleadings. (Doc. 20 at 3–4.)

possessed a "common name" they were unable to "ascertain information as to him." (Doc. 25 at 9.) Even if that were not facially preposterous, it is legally irrelevant. *See Nored*, 614 F. Supp. 2d at 997 ("[T]he material submitted by Plaintiffs regarding the difficulty of serving notice on Defendant Mazoff is irrelevant because the statute does not allow for the requirement of separate service of a notice of claim on an individual defendant to be excused or waived because service of a notice of claim on the individual was difficult or impractical."). Second, Plaintiffs glibly assert that, if Defendants had raised the failure to serve the notice of claim on Officer Smith sooner, "Plaintiffs could have corrected it." (Doc. 25 at 9.) But Defendants were under no obligation to coach Plaintiffs in how to comply with the notice of claim statute.[2]

Finally, Plaintiffs seem to argue that the federal claims were properly pled with respect to Officer Smith, and that the City is still liable for his tortious conduct. (Doc. 25 at 9.) That is both untrue and irrelevant. The Court has unquestionably concluded that the federal claims against Officer Smith were *not* properly pled and has dismissed them with prejudice. (Doc. 20). And the City's potential liability has nothing to do with the liability against Officer Smith personally.[3] To proceed with a state-law claim against Officer Smith, Plaintiffs were required to comply with § 12-821.01. They did not. Dismissal of those claims is the only appropriate remedy.

## II.  Plaintiffs' gross negligence claim utterly fails.

Plaintiffs cannot dispute that, to state a claim for gross negligence, they were required to allege facts demonstrating that the defendants engaged in "[g]ross, willful, or wanton conduct." *Noriega v. Town of Miami*, 243 Ariz. 320, 326 ¶ 23 (App. 2017) (internal quotation

---

[2] In any event, the original complaint was filed in May 2023, while the last predicate act alleged appears to have occurred in July 2022. (Doc. 1 at 18; Doc. 21 at ¶ 48.) That is well outside the 180-day deadline for filing a notice of claim.

[3] Plaintiffs argue that the Arizona Supreme Court "recently overruled the law." (Doc. 25 at 9.) Defendants have no idea what that is a reference to—it is certainly not true with respect to Plaintiffs' obligation to serve a notice of claim upon public employees pursuant to A.R.S. § 12-821.01.

marks omitted); *Armenta v. City of Casa Grande*, 205 Ariz. 367 ¶ 20 (App. 2003). Indeed, Plaintiffs were required to allege plausible facts showing that the defendants engaged in conduct which could be properly characterized as "flagrant and evinc[ing] a lawless and destructive spirit." *Landeros v. City of Tucson*, 171 Ariz. 474, 475 (App. 1992). Plaintiffs have not addressed these requirements in their response nor alleged any such conduct. This failure alone warrants dismissal of the gross negligence claim.

Beyond these fact-based flaws, the Amended Complaint suffers from legally dispositive flaws as well. First, as noted above, Plaintiffs do not contest that testimony in an administrative or judicial proceeding cloaks the testifying defendant with absolute immunity. *Drummond v. Stahl*, 127 Ariz. 122, 125 (App. 1980). But all of the allegations to which Plaintiffs point are predicated on *Plaintiffs' characterization* of such statements as constituting "false testimony." (Doc. 25 at 9).

Even if the Court ignored such stated premise, it is clear that the allegations to which Plaintiffs point relate to statements made by Officer Smith and/or Detective Bailey to administrative or judicial tribunals, which implicates the *Noerr-Pennington* doctrine. *See Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 642–43 (9th Cir. 2009); *Kottle v. Nw. Kidney Centers*, 146 F.3d 1056, 1059 (9th Cir. 1998).

But even more fundamentally, Plaintiffs cannot simply pretend that their allegations of "false testimony" to the liquor board are sufficient to establish gross negligence. That puts the cart well before the horse, because whether false testimony could establish a *breach* of a duty sufficient to support a gross negligence claim requires a plaintiff to demonstrate the *existence* of a duty; and again, Plaintiffs have failed. Whether a duty *exists* in the first instance is a threshold question, and a legally sufficient duty can only arise based on some special relationship established by, for example, "contract, family relations, or conduct undertaken by the defendant." *Gipson v. Casey*, 214 Ariz. 141, 143 ¶ 11, 144 ¶ 18 (2007). As the Court noted previously, (Doc. 20 at 10–11), Plaintiffs failed to point to any relationship that could give rise

to a duty in their original pleading—they fare no better in their Amended Complaint or Response. They simply ignore the threshold duty inquiry, because they have no cogent argument that a duty existed.

Despite the Court explaining in painstaking detail why their reliance was misplaced, Plaintiffs continue to cling to inapposite case law. For example, Plaintiffs continue to rely on *Spooner v. City of Phoenix*, 246 Ariz. 119 (App. 2018), to urge that their gross negligence claim can proceed past the pleading stage. But as the Court already correctly explained, *Spooner* does not discuss the necessary *gross* negligence analysis because the court of appeals concluded that qualified immunity barred a *simple* negligence claim. *Id.* at 124–25 ¶ 12. Thus, the judgment in *Spooner* would have been correct *even if a duty existed*.

Plaintiffs also puzzlingly direct the Court to *Chamberlain v. Mathis*, 151 Ariz. 551 (1986). But *Chamberlain* is not even a negligence case; it is a defamation case that turns on the application of absolute or qualified immunity. It also has absolutely nothing to do with "false testimony."

Even *Landeros*, upon which Plaintiffs have so heavily relied, is of no moment. First, that case predates *Gipson* by more than a decade, and simply does not undertake the threshold duty analysis required under current law. Second, just as in *Spooner*, the court in *Landeros* was not asked to establish whether a duty existed because it did not matter—the plaintiff in that case brought only a simple negligence claim, and the court of appeals affirmed dismissal of that claim on the same immunity-type analysis as the *Spooner* court. *Id.*, 171 Ariz. at 475.

Finally, Plaintiffs seem to suggest that the doctrine of respondeat superior can be used to somehow impute a duty onto an employer even where the employee owes no duty. But respondeat superior requires a predicate tortious act by the employee—if the claim against an employee is meritless, no respondeat superior liability can attach. *Laurence v. Salt River Project Agric. Imp. & Power Dist.*, 255 Ariz. 95, 107 ¶ 44 (2023) ("Dismissing a tort claim against an employee because the claim lacks merit requires the court to also dismiss a claim

against an employer under the doctrine of respondeat superior."). Thus, if an employee owes no duty, they cannot have acted negligently in the first instance under well-settled law and the claim against their employer perishes with the claim against the employee. *Gipson*, 214 Ariz. at 143 ¶ 11; *Laurence*, 255 Ariz. at 107 ¶ 44. Durr does not cite any case enabling the mere cry of "respondeat superior" to negate the traditional negligence analysis.

### III. Plaintiffs still fail to grasp the requirements for tortious interference.

Once again, Plaintiffs have entirely ignored the Court's prior analysis of the deficiencies in their tortious interference claim. In its prior ruling, the Court explained that Plaintiffs' allegations with respect to the tortious interference claim were conclusory, unsupported, and failed to plausibly state a claim. (Doc. 20 at 11–12.) Plaintiffs have done nothing to cure those dispositive flaws. Instead, Plaintiffs flippantly direct the Court to "[p]aragraphs 66–80" as setting forth the allegations that support their allegations of tortious interference. But those paragraphs do not allege (much less with the requisite plausibility) the existence of a "*specific relationship* with which the defendant interfered." *Dube v. Likins*, 216 Ariz. 406, 414 ¶ 19 (App. 2007) (emphasis added). Nor do these paragraphs demonstrate that Defendants knew of the existence of any such contract, or that Defendants acted intentionally to cause the breach or termination of any such contract. *Snow v. W. Sav. & Loan Ass'n,* 152 Ariz. 27, 33 (1986). Indeed, those paragraphs that are not a mere repetition of the conclusory statements the Court already found to be inadequate have little relevance to the claim—such as Officer Bailey writing down license plate numbers or some unnamed media outlet using footage of Loyalty's. The Court's prior analysis on the tortious interference claim should compel the same conclusion.

Plaintiffs have also failed to address the other deficiencies raised in the motion to dismiss. Plaintiffs' own rule statement reflects that a prima facie case of intentional interference with contract requires "intentional interference *inducing or causing a breach*." (Doc. 25 at 12 (quoting *ABCDW LLC v. Banning*, 241 Ariz. 427, 437 ¶ 37 (App. 2016)

(emphasis added)). That should end the Court's analysis—there is no allegation that any contract was ever *breached*. Plaintiffs allege that their lease was somehow "interfered with"—but that is not a "breach." Plaintiffs allege that the sale of the business didn't go through—but that is not a "breach." Because there is no breach, there can be no tortious interference as a matter of law.[4]

### IV. Plaintiffs still utterly fail to identify a particular judicial process and cannot state a claim for abuse of process.

Arizona law has been clear for 20 years that a claim for abuse of process is a narrow cause of action that requires a plaintiff to identify a *particular court process* used for an improper purpose. *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 257 ¶ 14 (App. 2004); *Fappani v. Bratton*, 243 Ariz. 306, 309 ¶ 10 (App. 2017) (enumerating a summons, subpoena, garnishment, warrant, or other orders as possible examples of judicial process to support the tort). What's more, a plaintiff must also establish the use of that process was primarily for an improper purpose via "more than mere speculation." *Crackel*, 208 Ariz. at 259 ¶ 18. Simple persistence in litigation does not support the tort. *Id.* at 258 ¶ 15.

Plaintiffs point to no judicial process whatsoever, nor do they explain what process Defendants ever invoked. Plaintiffs do not even bother to address the Court's prior explanation that (1) reporting information is not judicial process and (2) that testimony cannot support the tort as it is subject to absolute privilege. (Doc. 20 at 13–14.) Plaintiffs offer no facts from which the Court could infer any Defendant acted with an improper purpose. Instead, Plaintiffs merely cut and paste what purports to be deposition testimony from someone unaffiliated with

---

[4] Despite the Court previously (and correctly) pointing out that Plaintiffs' claims with respect to the sale of the business are more properly characterized as a tortious interference with business expectancy claim, Plaintiffs simply do not address that tort. They do not point to any allegations that could plausibly suggest the required "reasonable assurance that the contract or relationship" would have come to fruition "but for the interference," or that any Defendant knew of such putative relationship. *S. Union Co. v. Sw. Gas Corp.*, 180 F. Supp. 2d 1021, 1048 (D. Ariz. 2002) (cleaned up).

the City that says nothing about judicial process or any subjective ill will. The abuse of process claim fails on both a legal and factual level.

**V.     Plaintiffs ignore the controlling statute barring punitive damages.**

Perhaps most egregious of the Response's failures is the complete disregard of controlling authority with respect to punitive damages. As Defendants pointed out, there is a complete statutory bar on punitive damage awards against public entities as well as public officials working within the scope of their employment. A.R.S. § 12-820.04. Plaintiffs do not argue that statute does not apply. They do not argue that the statute is ambiguous or unclear. Plaintiffs do not cite any authority for the proposition that the statute is limited in its reach in certain circumstances. They simply ignore A.R.S. § 12-820.04.

Plaintiffs have no good faith argument to maintain their punitive damages claim, and their failure to acknowledge, much less analyze, controlling law is a waste of judicial and public resources. Dismissal on the strongest possible terms is the only correct result.

## CONCLUSION

Plaintiffs continue to ignore their pleading failures and attempt to perpetuate their specious claims with no legal, logical, or factual support. The Court should refuse to entertain Plaintiffs' gambit any longer. Instead, based on the arguments presented in the motion and above, Plaintiffs' Amended Complaint should be dismissed in its entirety with prejudice.

RESPECTFULLY SUBMITTED this 20th day of May 2024.

DICKINSON WRIGHT, PLLC

By: /s/Scot L. Claus
    Scot L. Claus
    Vail C. Cloar
    Holly M. Zoe
    1850 N. Central Avenue, Suite 1400
    Phoenix, Arizona 85004
    *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

By: */s/ Sheila Rath*

4855-3258-6688 v1 [53387-19]